IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **LONNIE FETTERS,** ) | |
| Plaintiff, ) | |
| ) | Case No: |
| ) | |
| **v.** ) | |
| ) | |
| **LOWE'S HOME CENTERS, LLC** ) | |
| **Serve: CSC-Lawyers Incorporating** ) | |
| **Service Company** ) | |
| **221 Bolivar Street** ) | |
| **Jefferson City, Missouri 65101** ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Lowe's Homes Centers, LLC ("Lowe's") submits this notice of removal based on diversity jurisdiction for the purpose of removing the above-entitled action from the Circuit Court of Buchanan County, Missouri to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, and in support of this removal states as follows:

### I. INTRODUCTION

1. Plaintiff Lonnie Fetters ("Plaintiff") is a resident of Buchanan County, Missouri. *See* Petition for Damages, attached as Exhibit A, ¶ 1.

2. Defendant Lowes is a foreign limited liability company with its principal place of business located in North Carolina.

3. On May 5, 2020, Plaintiff filed a civil action against Lowe's in the Circuit Court of Buchanan County, Missouri, captioned *Lonnie Fetters v. Lowe's Home Center, LLC,* Civil Action No. 20BU-CV01655, which is now pending in that Court (the "State Action"). *See* **Exhibit A**.

4. Plaintiff served a copy of the summons and Petition on Lowes on May 26, 2020. *See* Return of Service, attached as **Exhibit B**.

5. Generally, Plaintiff alleges that on April 30, 2018, he "came in contact with" a pallet jack located in the aisle which caused him to fall while shopping at the store located at 3901 N Belt Highway, St. Joseph, Buchanan County, Missouri. **Exhibit A**, ¶¶ 5 – 9.

6. Plaintiff alleges that Lowe's negligence caused him to fall and "suffer serious and permanent injuries to his left knee, contusion to his right arm, left arm, both hands, and other injuries." *Id.* at ¶9. Plaintiff goes on to allege that he suffered, among other injuries, "severe right elbow pain; [] severe left knee pain, resulting in a full knee replacement." *Id*. at ¶ 16(f)(g). Plaintiff also alleges that he has suffered from anxiety, fear, anguish, diminution of his enjoyment of life and daily living activities, in addition to other conditions. *Id*. at ¶16. He alleges that these injuries are "reasonably expected to be permanent and progressive in nature. *Id*. at ¶17.

7. Plaintiff alleges that he has incurred medical expenses and will incur future medical expenses as a result of his injures. *Id*. at ¶ 18. Plaintiff has requested a judgment that is "fair and reasonable" and in excess of $25,000. *Id*. at Wherefore Clause.

8. Because Plaintiff did not allege a specific amount in controversy, Lowes must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000; "[t]he jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…." *Bell v. Hershey*, 557 F.3d 953, 885 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 20020).

9. When determining whether the amount in controversy exceeds $75,000 for removal purposes, the court "consider a plaintiff's conduct and representations, including settlement offers

by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *See Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 U.S. Dist. LEXIS 39821, at *6 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)); *see also Gillming v. J. Jill, LLC*, No. 06-0123-CV-W-JFG, 2006 U.S. Dist. LEXIS 54259, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006); *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 U.S. Dist. LEXIS 96582, at *6 (E.D. Mo. July 12, 2012);

10. During pre-suit discussions with Lowe's, Plaintiff's counsel provided medical bills totaling just over $75,000 and demanded well-over the $75,000 amount-in-controversy to settle.

11. Based on Plaintiff's allegations of extensive, severe, and disabling physical and mental injuries, including but not limited to a knee replacement, and current and future medical costs, the amount in controversy exceeds $75,000.00, satisfying the jurisdictional requirement set forth in 28 U.S.C. § 1332. *See Carville v. Sheraton Corp.*, No. 4:08CV01567 FRB, 2009 U.S. Dist. LEXIS 41358, *5-8 (E.D. Mo. May 15, 2009)(holding that the plaintiffs' allegations of severe, permanent physical and mental injuries alone are sufficient to conclude that the amount in controversy for removal had been met); *McLauchlin v. Sight*, No. 4:16-cv-0542-DGK, 2016 U.S. Dist. LEXIS 99983, at *5 (W.D. Mo. Aug. 1, 2016) (stating that the plaintiff's allegations of "head, left knee, left leg, and body" injuries resulting in "permanent and progressive injuries, present and future medical bills, and noneconomic damages" was sufficient to establish that the $75,000 threshold had been met).

12. Additionally, the medical expenses submitted to Lowe's to date and Plaintiff's pre-litigation settlement demand further support that the amount in controversy exceeds $75,000. *See Hall v. Vlahoulis*, No. 06-6107-CV-SJ-FJG, 2007 U.S. Dist. LEXIS 8043, *3-5 (W.D. MO. Feb. 5, 2007 (settlement demand of $300,000 coupled with allegations of severe injuries in the petition sufficient to establish that the amount in controversy exceeds $75,000); *Ward v. Sailormen, Inc.*, 4:19-cv-01398-SRC, 2007 U.S. Dist. LEXIS 24784,*5 (E.D. Mo. April 3, 2007) (holding that the plaintiff's allegations that she fell and sustained serious and permanent injuries to her "head, neck, back, arms, legs, and buttocks" established that damages could exceed $75,000, especially when coupled with medical bills of $20,300 and a $100,000 settlement demand).

13. There is complete diversity of citizenship between Plaintiff and Defendant because Plaintiff is a citizen of Missouri, see **Exhibit A**, ¶ 1, and Lowes is a citizen of North Carolina for purposes of removal. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

14. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Petition and Summons on Defendant and is timely under 28 U.S.C. §§ 1446(b).

15. Based on the foregoing, this action is properly removable pursuant to 28 U.S.C. § 1441(a), because it is a suit over which the United States District Court for the Western District of Missouri would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

16. Venue is proper before United States District Court for the Western District of Missouri because it is the District Court for the district within which the action is pending in accordance with 28 U.S.C. §1446(a); *see also* 28 U.S.C. § 1391(b)(2).

17. Lowe's will serve and certify service of copies of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

18. Lowe's will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Buchanan County, Missouri pursuant to 28 U.S.C. § 1446(d). *See* Notice of Filing of Notice of Removal, attached as **Exhibit C**.

19. Pursuant to 28 U.S.C. § 1446(a) copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

> **Exhibit A**   Petition for Damages
>
> **Exhibit B**   Return of Service on Defendant
>
> **Exhibit D**   Summons
>
> **Exhibit E**   State Docket Entries

20. Plaintiff requested a jury trial. *See* Exhibit A at Jury demand.

21. Lowe's complied with all the requirements of 28 U.S.C. § 1446.

22. All grounds for removal from Missouri state court have been met, and Lowe's so certifies pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Lowe's Home Centers, LLC, respectfully requests that the action now pending in the Circuit Court of Buchanan County, Missouri Case No. 20BU-CV01655, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted,

 *s/ Kathryn A. Lewis*
Kathryn A. Lewis, Mo. Bar. #50821
Hall & Evans, LLC
2300 Main Street, 9th Floor
Kansas City, MO 64108
(913) 205-5186
lewisk@hallevans.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

JOHN M. SPENCER MO# 48107
TIEMAN, SPENCER & HICKS, LLC
702 Felix Street
St. Joseph, MO 64501
Telephone: (816) 279-3000
Facsimile: (816) 279-3066
john.spencer@tshhlaw.com
**ATTORNEY FOR PLAINTIFF**

 *s/Cindy Blanton*
Cindy Blanton, Legal Assistant